## CIRCUIT COURT OF LOUDOUN COUNTY

Mable T. Whitmer
and Joyce E. Kiser

v.

Glen M. Thomas,
Trustee, et al.

March 12, 1992

Case No. (Chancery) 13954

By Judge James H. Chamblin

At the conclusion of the hearing on February 25, 1992, the Court took under advisement the issue of the payment of the fee of the guardian ad litem. On the same day, Mr. Burke F. McCahill filed an affidavit with the Court of his fee in the amount of $3,510.00.

For the reasons hereinafter set forth, the Court orders that the Complainants, Mable T. Whitmer and Joyce E. Kiser, pay to Mr. McCahill within sixty days of the date of this letter opinion the full fee of the guardian ad litem in the sum of $3,510.00.

This suit was filed by the Complainants on October 29, 1991, seeking (1) the appointment of a guardian for Ivy Ellen Thomas under § 37.1–132, (2) an accounting from Glen M. Thomas, Trustee, of the "assets and expenditures controlled or made by him on behalf of Ivy Ellen Thomas" under a trust agreement dated August 12, 1975, and (3) a preliminary injunction preventing the payment of approximately $300,000.00, representing the proceeds from the sale of a certain discounted note, to either Glen M. Thomas, Trustee, or Ivy Ellen Thomas.

On October 31, 1991, the parties presented a consent order directing that the aforesaid monies be delivered to an escrow agent to be held, except for one authorized payment, pending further order of this Court.

On November 25, 1991, with all counsel and the guardian ad litem present, the Court set a hearing on the appointment of a guardian for Mrs. Thomas for February 18, 1992. On December 2, 1991, the parties were before the Court on motions for the release of a portion of the funds held by the escrow agent, and the Court ordered the payment of certain funds.

On February 12, 1992, the cause came before the Court on the Motion for Sanctions and Motion to Compel of Ivy Ellen Thomas. At that hearing, it became apparent that the Complainants had not designated an expert for the hearing on February 18, 1992, in response to interrogatories from Mrs. Thomas. It also appeared that the Complainants did not subpoena the records of Mrs. Thomas' personal physician and another physician until January 24, 1992. The records presented to the Court on February 12, 1992, do not show a need for a guardian for Mrs. Thomas. Complainants' counsel stated that he had not seen the records until February 7, 1992. The Court ruled that the Complainants could not offer any expert testimony at the hearing on February 18, 1992. It further opined that it may be very difficult to have Mrs. Thomas declared incapacitated without expert testimony.

As a result of the aforesaid rulings, the Complainants nonsuited the count of their bill of complaint seeking the appointment of a guardian for Mrs. Thomas. Because a guardian ad litem had been appointed only because of the guardianship proceeding, Mr. McCahill's duties as guardian ad litem were terminated by the Court. Mr. McCahill was directed to file an affidavit of all the time he spent in this cause and his regular hourly rates. He filed the affidavit on February, 1992, showing 23.4 hours at $150.00 per hour.

Considering all the hearings in this cause, a review of all the papers filed herein and the representation of counsel of all the actions of the parties, the hours spent by Mr. McCahill are reasonable and certainly not excessive.

It is obvious to this Court that the Complainants, who with Glen M. Thomas, are the remaindermen under the trust created by Mrs. Thomas in August, 1975, are more concerned about preserving the assets of the trust than any other aspect of this cause. Each Complainant admitted in her deposition that Mrs. Thomas is competent and able to take care of herself. The Complainants had approximately three months to acquire medical evidence that Mrs. Thomas

was incapacitated, but they delayed until approximately two weeks before the hearing to start even a cursory review of such evidence.

Considering everything which this Court has heard in the various hearings of this matter, there appears to be a long history of family bickering over the estates of Mrs. Thomas' father and mother. The request for the appointment of a guardian for Mrs. Thomas was a part of the Complainants' efforts to stop alleged wrongdoing by Glen Thomas as trustee and to hold him accountable for alleged past wrongdoing. I am of the opinion that the Complainants have never believed that their mother is incapacitated or incompetent or in need of a guardian but merely added the guardianship count to their bill of complaint as another attempted means to secure redress for alleged wrongdoing by the trustee. This is further supported by the relief sought in the amended bill of complaint filed March 3, 1992. It seeks relief merely as to the trust and its administration.

Considering all the circumstances, it would be inequitable to require Mrs. Thomas to pay the fee of the guardian ad litem. Her assets should not be depleted because two of her children brought a guardianship proceeding without the belief that she needed a guardian and the inexcusable delay in their securing medical evidence. The Complainants brought the proceeding for the appointment of a guardian, and the law required that a guardian ad litem be appointed for her. If the Complainants, because of their own actions or lack of action, are unable to go forward with the guardianship proceedings, then they should be responsible for the fee of the guardian ad litem.